**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-1930-WJM-STV

ERIC ST. GEORGE,

      Plaintiff,

v.

CITY OF LAKEWOOD, COLORADO,
DEVON TRIMMER, a/k/a Devon Myers,
JASON MAINES,
JEFF LARSON, and
DAN MCCASKY,

      Defendants.

---

**ORDER ADOPTING APRIL 10, 2020 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 10, 2020 Recommendation of United States Magistrate Judge Scott T. Varholak that the Court grant Defendants' Motion to Dismiss Plaintiff Eric St. George's Fourth Amended Complaint.  (ECF No. 105.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons that follow, the Recommendation is adopted in its entirety.

## I.  BACKGROUND

This case arises from a July 2016 incident in which Plaintiff was shot and arrested by officers of the Lakewood, Colorado Police Department ("LPD").  Plaintiff originally filed this action on July 30, 2018 (ECF No. 1), and has amended his complaint several times (ECF Nos. 8, 12, 14, 82).  The Court assumes familiarity with Plaintiff's

allegations, which are set forth in detail in the Recommendation (ECF No. 105) and have not materially changed since his Third Amended Complaint (ECF No. 14).

Defendants moved to dismiss Plaintiff's Third Amended Complaint on January 31, 2019.  (ECF No. 30.)  The Magistrate Judge recommended that the motion be granted (ECF No. 62), and the Court adopted that recommendation as modified, dismissing all of Plaintiff's claims—some with prejudice, and some without (ECF No. 76).  The Court gave Plaintiff a limited and final opportunity to amend his complaint (*id.*), and on October 28, 2019, he did so (ECF No. 82).  On December 23, 2019, Defendants filed their Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 89), and on April 10, 2020, the Magistrate Judge recommended that the Motion be granted (ECF No. 105).

At issue in the Recommendation are Plaintiff's (1) excessive force claim against Defendant Devon Trimmer ("Trimmer"); (2) failure-to-prevent excessive force claim against Defendant Jason Maines ("Maines"); and (3) state law tort claims against all Defendants.  The Magistrate Judge recommended that claims (1) and (2) be dismissed with prejudice and that the state law tort claims be dismissed without prejudice to refiling in state court.  Plaintiff filed a timely Objection to the Recommendation (ECF No. 106), and Defendants filed a Response (ECF No. 107).

### III.  ANALYSIS

**A.    Excessive Force Claim Against Trimmer**

Plaintiff argues that Agent Trimmer used excessive force against him in violation of the Fourth Amendment.  The Magistrate Judge concluded that Trimmer had acted

reasonably under the circumstances, and therefore recommended that this claim be dismissed with prejudice.  Plaintiff's Objection to this aspect of the Recommendation is sufficiently specific to trigger the Court's *de novo* review.  *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

"[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal quotation marks omitted).  "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays 'careful attention to the facts and circumstances of each particular case.'" *City of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546 (2017) (quoting *Graham*, 490 U.S. at 396). Determining whether a particular use of force was objectively reasonable requires the Court to consider: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396.  "The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure."  *Mendez*, 137 S. Ct. at 1546 (internal quotation marks omitted).  "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396 (internal quotation marks omitted).

1.    The First *Graham* Factor

Under *Graham*, the Court first examines "the severity of the crime at issue."  *Id.* Here, LPD officers responded to a 911 call stating that Plaintiff had made "illicit sexual

contact" with the caller and then discharged two rounds from a handgun, one of which was aimed at the caller.  There can be no doubt that these crimes as reported were serious.

Plaintiff contends that this factor should not be weighed against him because Trimmer knew probable cause did not exist to arrest him for any of these crimes.  As to this argument, the Court first notes that whether probable cause *actually* existed to arrest Plaintiff for any of these crimes is irrelevant.  *See Morris v. Noe*, 672 F.3d 1185, 1195 n.4 (10th Cir. 2012); *McGarry v. Bd. of Cty. Comm'rs for Cty. of Lincoln*, 294 F. Supp. 3d 1170, 1197 (D.N.M. 2018).  More to the point, accepting as true that Trimmer did not believe that probable cause existed to arrest Plaintiff for the initially reported crimes, it is the Court's view that, regardless, the severity of the crimes LPD reasonably suspected Plaintiff of having committed weighs in favor of Trimmer under *Graham*.

While Plaintiff's argument would perhaps be more compelling if Trimmer did not have at least a reasonable basis to suspect him of the crimes that the escort reported (or if Trimmer actually believed the escort to have been lying), it is clear that the escort's 911 call itself provided a reasonable basis to suspect Plaintiff of having committed serious crimes.  And Plaintiff does not allege that Trimmer believed at the relevant times that the escort had lied about the encounter between her and Plaintiff, particularly her report of Plaintiff discharging a firearm in her direction.  The Court accordingly concludes that the first *Graham* factor weighs in favor of Trimmer.

2.    The Second *Graham* Factor

The second *Graham* factor goes to whether the suspect posed an immediate threat to the safety of the officers or others.  *Id*.  This factor "is undoubtedly the most

4

important and fact intensive factor in determining the objective reasonableness of an officer's use of force." *Pauly v. White*, 874 F.3d 1197, 1216 (10th Cir. 2017) (internal quotation marks omitted). Because Trimmer used deadly force, *see Havens v. Johnson*, 783 F.3d 776, 781–82 (10th Cir. 2015), her use of force is only justified if she had "probable cause to believe that there was a threat of serious physical harm to [herself] or to others." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008) ("*Larsen*") (emphasis removed). In examining the extent to which Plaintiff presented an immediate threat, courts consider four non-exhaustive factors (the "*Larsen* factors"): "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Id.*

> a. *The First* Larsen *Factor*

The Magistrate Judge found that the first *Larsen* factor weighs in favor of Plaintiff, and neither party objected to this aspect of the Recommendation. Finding no clear error in the Magistrate Judge's analysis, the Court concludes that the first *Larsen* factor weighs in favor of Plaintiff.

> b. *The Second* Larsen *Factor*

The second inquiry under *Larsen* is whether Plaintiff made any "hostile motions" with his weapon toward the officers. *Id.* A "reasonable officer need not await the glint of steel before taking self-protective action," *Larsen*, 511 F.3d at 1260 (internal quotation marks omitted), and "if threatened by weapon . . . , an officer may use deadly force." *Thomas v. Durastanti*, 607 F.3d 655, 664 (10th Cir. 2010); *see also James v.*

*Chavez*, 830 F. Supp. 2d 1208, 1276 (D.N.M. 2011), *aff'd*, 511 F. App'x 742 (10th Cir. 2013) (concluding that the suspect had made hostile motions toward the officers when "he was waiving the knife around at various points," even though he "had not tried to use the knife on the officers"); *Wood v. Farmington City*, 910 F. Supp. 2d 1315, 1326 (D. Utah 2012) (finding that the suspect had "made hostile motions with the gun—motioning the gun from side to side"); *Estate of Taylor v. Salt Lake City*, 2019 WL 2164098, at *25 (D. Utah May 17, 2019) (reasonable officer could have believed that the suspect's "sudden draw stroke motion with his hands was a hostile motion made with a weapon towards the officers" (internal quotation marks omitted)).

Here, there is no allegation that Plaintiff actually pointed his shotgun at Trimmer or any other officer before Trimmer shot him.  However, after stepping outside and pumping the action of his shotgun (which itself could be considered a hostile act directed toward the officers), Plaintiff proceeded to walk around the perimeter of his building with his firearm in the "low ready" position.  Under these circumstances, the Court concludes that a reasonable officer could have interpreted the actions Plaintiff took while armed with a shotgun to be hostile, and that the second *Larsen* factor therefore weighs in favor of Trimmer.

        c.    *The Third* Larsen *Factor*

The third *Larsen* factor looks to the distance separating the officer and the suspect.  511 F.3d at 1260.  As the Court explained in its previous Order dismissing this claim (ECF No. 76), Plaintiff's allegations establish that, at the time he was shot, he was walking toward Trimmer, and in doing so, was close enough to her that she could hear him walking.  The Court therefore is satisfied that the distance between Plaintiff and

Trimmer was minimal enough such that the third *Larsen* factor weighs in Trimmer's favor.

        d.    *The Fourth* Larsen *Factor*

The fourth *Larsen* factor goes to the Plaintiff's "manifest intentions."  511 F.3d at 1260.  The Court concludes that, under the circumstances alleged by Plaintiff, Trimmer reasonably could have believed that Plaintiff knew that the people outside were police officers, and that Plaintiff was trying to harm them regardless.  LPD officers called and spoke with Plaintiff several times, repeatedly telling him that they were law enforcement and to come outside unarmed.  Plaintiff proceeded to walk outside, loudly pump the action of his shotgun, and walk the perimeter of his residence with his firearm in the low-ready position.  Moreover, after being shot by Trimmer, Plaintiff escalated the gunfight by firing two rounds back at her.  Plaintiff subsequently fired three rounds at Maines, and after retreating to his home, discharged a firearm an additional four times. Given these facts as alleged by Plaintiff, Trimmer reasonably could have believed that Plaintiff intended to harm her regardless of her status as a police officer, and accordingly, the Court concludes that the fourth *Larsen* factor weighs in favor of Trimmer.

        e.    *Summary of the Second* Graham *Factor*

 Because three of the four *Larsen* factors weigh in favor of Trimmer, the Court concludes that the second *Graham* factor weighs, as a whole, quite significantly in favor of Trimmer.

    3.    <u>The Third *Graham* Factor</u>

Finally, under *Graham*, the Court examines "whether [the suspect] is actively

7

resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. The Magistrate Judge concluded that this factor slightly favors Plaintiff (ECF No. 105 at 24–25), and neither party objected to this aspect of the Recommendation. Finding no clear error, the Recommendation is adopted in this respect.

4.      Summary of the *Graham* Factors

Based on the analysis above—in particular, because two of the three *Graham* factors (including the second, "most important" factor) weigh in favor of a finding of reasonableness—the Court concludes that Trimmer acted reasonably when she shot Plaintiff in the leg. And even if the Court were to find that only the second factor weighs in Plaintiff's favor, it does so heavily enough to justify the use of force that occurred here.

**B.      Failure-to-Prevent Excessive Force Claim Against Maines**

The Magistrate Judge concluded that, because Plaintiff has failed to state an excessive-force claim against Trimmer, by definition, he has failed to state a failure-to-prevent an excessive use of force claim against Maines. (ECF No. 105 at 26.) Plaintiff objects to this aspect of the Recommendation only on the basis that he believes the Magistrate Judge erred in concluding that Trimmer did not use excessive force. (ECF No. 106 at 8.) For the reasons set forth in Part III.A of this Order, the Court disagrees, and the Recommendation in this respect is also adopted. *See Rose v. City of Lafayette*, 2007 WL 485228 (D. Colo. Feb. 12, 2007) (rejecting failure-to-intervene claims upon finding no underlying constitutional violation). Plaintiff's failure-to-intervene claim against Maines will be dismissed with prejudice.

8

**C.      State Law Tort Claims Against All Defendants**

The Magistrate Judge recommended that, because Plaintiff has failed to state a federal claim against Defendants, the Court should decline to exercise supplemental jurisdiction over his state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff objects to this aspect of the Recommendation because he believes that his federal claims should be allowed to go forward.  (ECF No. 106 at 8.)  The Court again disagrees, and the Recommendation will be adopted in this respect.  Plaintiff's state law tort claims are dismissed without prejudice to re-asserting them in state court.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Recommendation (ECF No. 105) is ADOPTED;

2.      Defendant's Motion to Dismiss (ECF No. 89) is GRANTED;

     a.      Plaintiff's excessive force claim against Defendant Trimmer and failure-to-prevent excessive force claim against Defendant Maines are DISMISSED WITH PREJUDICE;

     b.      Plaintiff's state law tort claims against all Defendants are DISMISSED WITHOUT PREJUDICE to refiling in state court; and

3.      The Clerk of Court shall terminate this case, and all parties shall bear their own attorney's fees and costs.

Dated this 30th day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge