**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01930-WJM-STV

ERIC ST. GEORGE,

      Plaintiff,

v.

CITY OF LAKEWOOD, COLORADO,
DEVON TRIMMER, a/k/a Devon Myers,
JASON MAINES,
JEFF LARSON, and
DAN MCCASKY,

      Defendants.

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE COUNT NINE OF THE FAC AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**

_____

This matter is before the Court on *pro se* Plaintiff Eric St. George's "Motion to Reinstate Count Nine of the FAC" ("Motion to Reinstate").  (ECF No. 134.)  Also before the Court is Defendants City of Lakewood, Colorado, Devon Trimmer a/k/a Devon Myers, Jason Maines, Jeff Larson, and Dan McCasky's (collectively "Defendants") Motion to Dismiss (the "Motion to Dismiss").  (ECF No. 135.)

For the reasons set forth below, the Motion to Reinstate is granted and the Motion to Dismiss is denied as moot.

## I.  BACKGROUND

This case arises from a July 2016 incident in which Plaintiff was shot and arrested by officers of the Lakewood, Colorado Police Department ("LPD").  Plaintiff originally filed this action on July 30, 2018 (ECF No. 1), and he has amended his

complaint several times (ECF Nos. 8, 12, 14, 82).  The Court assumes familiarity with Plaintiff's allegations, which are set forth in detail in the Court's prior orders (ECF Nos. 76, 108), but recounts the procedural history here as necessary to resolve the Motion to Reinstate.

On November 13, 2018, Plaintiff filed the Third Amended Complaint, wherein he asserted numerous federal and state causes of action against each Defendant.  (ECF Nos. 14, 14-1.)  On December 3, 2018, United States Senior District Judge Lewis T. Babcock issued an Order to Dismiss in Part and to Draw Case, wherein Judge Babcock dismissed several of Plaintiff's claims and other requests.  (ECF No. 17.)

Following Judge Babcock's order, Plaintiff's remaining claims included: (1) excessive use of force against Agent Trimmer; (2) failure to prevent excessive force against Sergeant Maines; (3) supervisory liability for excessive force against Chief McCasky; (4) municipal liability for excessive force against the City of Lakewood; (5) denial of due process against all Defendants; and (6) various state law tort claims against all Defendants.  (ECF Nos. 14, 14-1, 17, 54 at 1–2.)

On January 31, 2019, Defendants filed a motion seeking dismissal of all of Plaintiff's claims (ECF No. 30), which was referred to United States Magistrate Judge Scott T. Varholak (ECF No. 37).  On May 13, 2019, Judge Varholak issued a Recommendation, recommending that the motion to dismiss Plaintiff's Third Amended Complaint be granted.  (ECF No. 62.)  With regard to Plaintiff's claim for excessive use of force against Agent Trimmer, Judge Varholak concluded that Plaintiff failed to plausibly allege that Agent Trimmer's use of force was unreasonable and thus recommended dismissing the excessive force claim.  (*Id.* at 18.)  Based upon this

2

conclusion, Judge Varholak further recommended that Plaintiff's failure to prevent excessive force claim against Sergeant Maines, supervisory liability for excessive force claim against Chief McCasky, and municipal liability for excessive force claim against the City of Lakewood be dismissed, because Plaintiff had failed to plausibly allege an underlying use of excessive force.  (*Id.* at 19–20.)  Judge Varholak also recommended that Plaintiff's due process claims be dismissed and that the Court decline to exercise jurisdiction over Plaintiff's state tort claims.  (*Id.* at 20–25.)  Plaintiff objected to Judge Varholak's Recommendation.  (ECF No. 63.)

On September 16, 2019, the Court adopted Judge Varholak's Recommendation, as modified.  (ECF No. 76.)  With regard to Plaintiff's excessive force claim against Agent Trimmer, the Court agreed that, based upon Plaintiff's allegations, "Agent Trimmer's use of deadly force was not objectively unreasonable and did not violate [Plaintiff's] constitutional right to be free from excessive force."  (*Id.* at 37.)  However, "[b]ecause the Court [was] not convinced that [Plaintiff] could never allege sufficient facts to plausibly plead an excessive force claim against Agent Trimmer," the dismissal was without prejudice to Plaintiff reasserting the claim in a fourth amended complaint. (*Id.* at 37.)  Because Plaintiff had raised only a perfunctory objection to Judge Varholak's Recommendation regarding dismissal of Plaintiff's claims for failure to prevent excessive force, supervisory liability for excessive force, and municipal liability for excessive force, the Court reviewed the portion of the Recommendation addressing those claims only for clear error.  (*Id.* at 38.)  The Court noted the Recommendation's finding that all three of these claims were "premised on Agent Trimmer's alleged use of excessive force" and thus deficient because Plaintiff failed to plausibly allege a claim for

excessive force and found no clear error.  (*Id.* at 37-38.)  The Court thus dismissed

Plaintiff's supervisory liability for excessive force claim against Chief McCasky and

municipal liability for excessive force claim against the City of Lakewood with prejudice

as recommended.  (*Id.* at 38.)  "Because the Court [was] not convinced that [Plaintiff]

could never allege sufficient facts to plausibly plead the failure to prevent excessive

force claim against Sergeant Maines," that claim was dismissed without prejudice to

Plaintiff reasserting the claim in a fourth amended complaint.  (*Id.* at 38.)  The Court

further adopted the recommendation that Plaintiff's due process claims be dismissed

and that the Court decline to exercise jurisdiction over the state law claims.[1]  (*Id.* at 39–

43.)  The Order *sua sponte* granted Plaintiff leave to file a fourth amended complaint

that included, Plaintiff's "(1) excessive force claim against Defendant Agent Trimmer; (2)

failure to prevent excessive force claim against Defendant Sergeant Maines; (3) state

tort claims against the Defendants that [were] alleged in the Third Amended Complaint"

and specifically advised Plaintiff that the Court "[would] not consider a claim against

[Chief] McCasky for supervisory liability due to excessive force, [or] a claim against

Defendant City of Lakewood for municipal liability due to excessive force."  (*Id.* at 44–

45.)

On October 28, 2019, Plaintiff filed a Fourth Amended Complaint, which currently

is the operative complaint in this matter.  (ECF No. 82.)  Consistent with the Order

dismissing the Third Amended Complaint, the Fourth Amended Complaint asserted: (1)

a claim for excessive force against Agent Trimmer (Count One), (2) a claim for failure to

---

[1] Plaintiff was granted leave to refile his due process claims against the Defendants premised on Defendants' alleged perjury and withholding of evidence should his underlying criminal conviction be overturned.  (ECF No. 76 at 44.)

prevent excessive force against Sergeant Maines (Count Two), and (3) six state law claims that had previously been asserted against Defendants (Counts Three through Eight).  (*Id.* at 5–19.)  In addition, Plaintiff included as Count Nine his claim of supervisory liability for excessive force against Chief McCasky and his claim of municipal liability for excessive force against the City of Lakewood but did not include any supporting allegations.[2]  (*Id.* at 19.)  Instead, Plaintiff stated only that "[t]his claim was dismissed with prejudice by Judge William J. Martinez and is on appeal in the 10th Circuit Court of Appeals."[3]  (*Id.*)  On December 23, 2019, Defendants filed a motion to dismiss all of the claims asserted in the Fourth Amended Complaint (ECF No. 89), which was referred to Judge Varholak (ECF No. 90).

On April 10, 2020, Judge Varholak issued a Recommendation on the motion to dismiss.  (ECF No. 105.)  Judge Varholak again concluded that Plaintiff's allegations were insufficient to support a finding that Agent Trimmer's use of force was unreasonable and thus recommended that Plaintiff's claim for excessive force against Agent Trimmer and Plaintiff's claim for failure to prevent the excessive use of force against Sergeant Maines be dismissed with prejudice and that the Court decline to

---

[2] Similarly, Plaintiff asserted as Count Ten his due process claim for failure to follow promulgated policies and as Count Eleven his due process claims based upon alleged perjury and withholding of evidence, and noted that those claims had been dismissed without leave to include the claims in the Fourth Amended Complaint.  (ECF No. 82 at 19.)

[3] On October 16, 2019, Plaintiff filed a Notice of Appeal regarding the Court's order dismissing the Third Amended Complaint.  (ECF No. 79.)  On December 3, 2019, the Tenth Circuit issued an Order dismissing that appeal, explaining that the Tenth Circuit lacked jurisdiction because this Court had granted Plaintiff leave to file a fourth amended complaint and thus the order dismissing the Third Amended Complaint was not a final, appealable order. (ECF No. 88.)

exercise jurisdiction over the state law claims.[4]  (*Id.* at 12–27.)  Plaintiff objected to the Recommendation.  (ECF No. 106.)

On June 30, 2020, the Court issued an Order adopting the Recommendation. (ECF No. 108.)  The Court found that Plaintiff failed to allege that Agent Trimmer acted unreasonably and thus failed to state a claim for excessive force.  (*Id.* at 2–8.)  The Court further concluded that "because Plaintiff ha[d] failed to state an excessive-force claim against [Agent] Trimmer, by definition, he ha[d] failed to state a failure-to-prevent an excessive use of force claim against [Sergeant] Maines."  (*Id.* at 8.)  Accordingly, the Court dismissed Plaintiff's excessive force and failure to prevent excessive force claims with prejudice and declined to exercise jurisdiction over the state law claims.  (*Id.* at 9.) On June 30, 2020, the Court also entered a Final Judgment consistent with its order dismissing the Fourth Amended Complaint.  (ECF No. 109.)

On July 9, 2020, Plaintiff filed a Notice of Appeal with regard to the order dismissing the Fourth Amended Complaint and the Final Judgment.  (ECF No. 110.) On August 20, 2021, the Tenth Circuit issued an order on the appeal.  (ECF No. 116.) The Tenth Circuit concluded that "[b]ased on the facts alleged in the [Fourth Amended] Complaint, it is at least plausible that [Agent] Trimmer was unreasonable in believing that [Plaintiff] posed a sufficiently immediate threat to justify deadly force" and thus reversed this Court's order to the extent it dismissed the excessive force claim against Agent Trimmer.  (*Id.* at 19.)  The Tenth Circuit noted that "the only basis articulated" for

---

[4] With regard to Count Nine (the supervisory and municipal liability claims) and the due process claims, Judge Varholak observed in a footnote that "the Fourth Amended Complaint acknowledges that these claims were dismissed by [the undersigned] without leave to be included in the Fourth Amended Complaint, and the Fourth Amended Complaint does not include any substantive allegations in support of the claims" and thus Judge Varholak "[did] not address those claims in th[e] Recommendation."  (ECF No. 105 at 10 n.2.)

the dismissal of the failure to prevent excessive force claim against Sergeant Maines was Plaintiff's purported failure to allege an underlying excessive force claim, which "basis [was] no longer sound" in light of the Tenth Circuit's finding that Plaintiff had plausibly alleged the use of excessive force.  (*Id.*)  The Tenth Circuit thus reversed the order dismissing the Fourth Amended Complaint and remanded for further proceedings consistent with its Order.[5]  (*Id.* at 20.)

On October 29, 2021, the Court issued an order reopening the case in light of the Tenth Circuit's order and mandate.  (ECF No. 124.)  On November 16, 2021, Judge Varholak conducted a status conference with the parties and ordered Defendants to file a renewed motion to dismiss, asserting all of the grounds on which they seek dismissal of the Fourth Amended Complaint in light of the Tenth Circuit's order finding that Plaintiff had plausibly alleged an excessive force claim against Agent Trimmer.  (ECF No. 127.)  On November 26, 2021, Plaintiff filed the Motion to Reinstate, which asks the Court to "reinstate" Count Nine of the Fourth Amended Complaint.  (ECF No. 134.)  On November 30, 2021, Defendants filed the Motion to Dismiss the Fourth Amended Complaint.[6]  (ECF No. 135.)

---

[5] The Tenth Circuit noted that "[e]ven if the officers violated [Plaintiff's] Fourth Amendment rights, they may still be entitled to qualified immunity if the law they violated was not clearly established at the time of the episode," but agreed with Defendants that the matter should be "left to the district court on remand."  (ECF No. 116 at 19–20.)

[6] Defendants also filed a Motion to Stay Discovery, which has been referred to Judge Varholak.  (ECF Nos. 136, 137.)  Judge Varholak previously set an expedited briefing schedule and hearing for the Motion to Stay.  (ECF No. 127.)  The Court thus does not address the Motion to Stay in this Order.

## II.  ANALYSIS

### A.     Motion to Reinstate

In the Motion to Reinstate, Plaintiff "moves the Court to reinstate Count Nine of the Fourth Amended Complaint," which asserted claims for supervisory liability for excessive force against Chief McCasky and municipal liability for excessive force against the City of Lakewood.  (ECF No. 134 at 1.)  Plaintiff argues that "[t]he dismissal of [s]upervisory liability against Chief McCasky and [m]unicipal liability against City of Lakewood is and was premised upon fail[ure] to allege an unconstitutional use of force by Agent Trimmer" and that such rationale is "faulty" and "no longer sound" in light of the Tenth Circuit's order finding that Plaintiff has plausibly alleged an excessive force claim against Agent Trimmer.  (*Id.* at 1–2 (quotations omitted).)  The Court agrees.

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  As the Supreme Court has recognized, "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."  *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016).

Here, although the Court entered Final Judgment on Plaintiff's claims, the Tenth Circuit reversed that judgment and remanded the case for further proceedings.  (ECF Nos. 109, 116, 124.)  The Court thus has the authority to modify or rescind its prior order dismissing with prejudice Plaintiff's supervisory liability for excessive force claim

against Chief McCasky and municipal liability for excessive force claim against the City of Lakewood.

The sole basis offered by the Court for dismissing Plaintiff's claims for supervisory liability for excessive force and municipal liability for excessive force was that Plaintiff had failed to plausibly allege an underlying claim for the use of excessive force.  (ECF No. 76 at 38; *see also* ECF No. 62 at 19–20.)  Because the Tenth Circuit subsequently ruled that Plaintiff has plausibly alleged an excessive force claim against Agent Trimmer (ECF No. 116), the rationale for the Court's dismissal with prejudice of Plaintiff's claims for supervisory liability for excessive force and municipal liability for excessive force no longer applies.  The Court thus agrees with Plaintiff that those claims may properly be reasserted in this case.

Accordingly, the Court finds good cause to vacate its order dismissing with prejudice Plaintiff's supervisory liability for excessive force claim against Chief McCasky and municipal liability for excessive force claim against the City of Lakewood.  Although Plaintiff seeks to have these claims—as asserted in Count Nine of the Fourth Amended Complaint—"reinstated," the Fourth Amended Complaint does not include any substantive allegations supporting those claims.  Plaintiff's Third Amended Complaint included allegations supporting these claims, but the Fourth Amended Complaint is the operative complaint and Plaintiff may not "incorporate by reference any part of the preceding pleading."  D.C.COLO.LCivR 15.1(b); *see also Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.").

Therefore, in lieu of "reinstating" the claims, the Court *sua sponte* grants Plaintiff leave to file a fifth amended complaint **solely** for the purpose of re-asserting Plaintiff's supervisory liability for excessive force claim against Chief McCasky and municipal liability for excessive force claim against the City of Lakewood.  The fifth amended complaint thus shall include all of the claims and allegations remaining in this case, including the claims for supervisory and municipal liability for excessive force, but Plaintiff may not include claims or allegations in the fifth amended complaint that have not previously been asserted in this case.

**B.     Motion to Dismiss**

Through the Motion to Dismiss, Defendants seek dismissal of the federal claims asserted in the Fourth Amended Complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and qualified immunity and request that the Court decline jurisdiction over the state law claims asserted in the Fourth Amended Complaint.  (ECF No. 135.)  In light of this Order granting Plaintiff leave to file a fifth amended complaint, Defendant's Motion to Dismiss the Fourth Amended Complaint is denied as moot without prejudice to Defendants filing a motion to dismiss the fifth amended complaint.  *See Franklin*, 160 F. App'x at 734 ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.").

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Motion to Reinstate Count Nine of the FAC (ECF No. 134) is GRANTED as follows:

a.      The Court's September 16, 2019 Order (ECF No. 76) is VACATED to the extent it dismissed with prejudice Plaintiff's supervisory liability for excessive force claim against Chief McCasky and municipal liability for excessive force claim against the City of Lakewood; and

b.      The Court *sua sponte* grants Plaintiff leave to file a final, fifth amended complaint consistent with this Order on or before **January 7, 2022**.  Such complaint **SHALL ONLY INCLUDE**, at most, Plaintiff's (1) excessive force claim against Defendant Agent Trimmer as previously alleged in the Fourth Amended Complaint; (2) failure to prevent excessive force claim against Defendant Sergeant Maines as previously alleged in the Fourth Amended Complaint; (3) state tort claims against the Defendants as previously alleged in the Fourth Amended Complaint; and (4) the supervisory liability for excessive force claim against Chief McCasky and the municipal liability for excessive force claim against the City of Lakewood that were previously alleged in the Third Amended Complaint.  The Court will not consider any additional claims or allegations (including but not limited to any of the other claims previously dismissed by the Court) and Plaintiff is on notice that no further amendment will be permitted without a showing of substantial good cause arising out of truly compelling circumstances; and

2.      Defendants' Motion to Dismiss (ECF No. 135) is DENIED AS MOOT without prejudice to Defendants filing a motion to dismiss the fifth amended complaint.

Dated this 9th day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge