IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1930-WJM-STV

ERIC ST. GEORGE,

    Plaintiff,

v.

CITY OF LAKEWOOD;
DEVON TRIMMER, a/k/a Devon Myers;
JASON MAINES;
JEFF LARSON; and
DAN MCCASKY,

    Defendants.

---

**ORDER ADOPTING JULY 13, 2022
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the July 11, 2022 Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 171) that Defendants' Motion to Dismiss ("Motion") (ECF No. 153) be granted. The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 171 at 35 n.15.)

For the reasons explained below, the Recommendation is adopted as modified.

**I. BACKGROUND**

The factual background of this case and the claims brought by Eric St. George ("Plaintiff") against the City of Lakewood and four of its police officers (collectively,

"Defendants") is laid out in detail in the Recommendation. (*Id.* at 2–12.) The Court incorporates that background by reference.

## A.     Procedural Background

Plaintiff is *pro se* and currently incarcerated. (*See, e.g.*, ECF No. 175.) Because of his incarceration and lack of representation, he faces challenges proceeding with this litigation that others before this Court do not. For example, Plaintiff has limited access to the law library and lacks legal training. (*Id.*) The Court is aware of these circumstances and, holding them in mind, has construed Plaintiff's filings liberally throughout the course of this litigation. (*See e.g.*, ECF No. 108.) Yet, the leeway given to *pro se* litigants is not boundless. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.") (internal quotation marks omitted).

Plaintiff has filed six complaints in this civil rights suit. (*See* ECF Nos. 1, 8, 12, 14, 82, 143.) Plaintiff initially filed his Complaint on July 30, 2018. (ECF No. 1.) The next day, United States Magistrate Judge Gordon P. Gallagher issued an order directing Plaintiff to correct a technical filing error. (ECF No. 7.) Plaintiff corrected the technical error by using the correct form in his Amended Complaint (ECF. No. 8) but rather than including a claim for relief, he attempted to incorporate by reference his initial, improperly filed Complaint. (ECF No. 11 at 1.)

On September 10, 2018, Judge Gallagher issued an order directing Plaintiff to file a Second Amended Complaint. (ECF No. 11.) Judge Gallagher's order also noted several legal deficiencies in the claims as pleaded in the initial Complaint, including that *Heck v. Humphrey*, 477 U.S. 512 (1994) potentially barred some of Plaintiff's claims.

2

(*Id.* at 3–4, 7.)  Plaintiff filed the Second Amended Complaint on October 9, 2018.  (ECF No. 12.)

On October 16, 2018, Judge Gallagher again found Plaintiff's operative complaint deficient due to a filing error and again noted several legal deficiencies, including that *Heck* was a potential bar.  (ECF No. 13 at 3, 6–7.)  Judge Gallagher's order noted that Plaintiff is *pro se*, and therefore afforded him "one final opportunity to file a pleading that provides a clear and concise statement of his claims."  (*Id.* at 3.)  Plaintiff filed his Third Amended Complaint on November 13, 2018.  (ECF No.14.)

Defendants moved to dismiss the Third Amended Complaint.  (ECF No. 30.)  While that motion was pending, this case was reassigned to the undersigned, and all motions were referred to Judge Varholak.  (ECF Nos. 34, 35.)  On May 13, 2019, Judge Varholak recommended granting the motion and dismissing Plaintiff's excessive force claims with prejudice, his due process claims without prejudice, and his state law claims without prejudice.  (ECF No. 62 at 26.)  The May 13, 2019, recommendation relied upon *Heck* in the context of Plaintiff's due process claims.  (*Id.* at 21–24.)  On September 15, 2019, the Court adopted Judge Varholak's May 13, 2019, recommendation as modified.  (ECF No. 76 at 44.)  In a detailed conclusion section, the Court laid out exactly which claims against which defendants were dismissed with prejudice and which were dismissed without prejudice.  (*Id.* at 44–46.)  "Solely in the interest of justice, the Court *sua sponte* grant[ed] St. George leave to file a final amended complaint consistent with [its] Order."  (*Id.* at 44.)

Plaintiff filed his Fourth Amended Complaint on October 28, 2019.  (ECF No. 82.)  Defendants moved to dismiss the Fourth Amended Complaint.  (ECF No. 89.)  On April

3

10, 2020, Judge Varholak found that Agent Trimmer had acted reasonably under the circumstances[1] and recommended dismissing Plaintiff's excessive force claims with prejudice. (ECF No. 105 at 26.) Because the excessive force claims were the only federal claims reasserted in the Fourth Amended Complaint, Judge Varholak recommended the Court decline to exercise jurisdiction over the remaining state law claims and dismiss those claims without prejudice. (*Id.* at 26–27.) On June 30, 2020, the Court adopted the April 10, 2020, recommendation in its entirety (ECF No. 108) and issued a judgment dismissing the case (ECF No. 109.)

Plaintiff appealed (ECF No. 110), and the U.S. Court of Appeals for the Tenth Circuit reversed and remanded to this Court on August 20, 2021 (ECF Nos. 114, 116–17). The Tenth Circuit held that "[b]ased on the facts alleged in the Complaint, it is at least plausible that Trimmer was unreasonable in believing that St. George posed a sufficiently immediate threat to justify deadly force." (ECF No. 116 at 19.)

Following Plaintiff's successful appeal, Plaintiff moved to reinstate his supervisory liability claims against Chief McCasky and the City of Lakewood. (ECF No. 134.) Defendants filed their Second Motion to Dismiss Fourth Amended Complaint, arguing that *Heck* barred the excessive force claims and asserting qualified immunity. (ECF No. 135.) On December 9, 2021, the Court issued an Order granting Plaintiff's motion, denying Defendants' Second Motion to Dismiss Fourth Amended Complaint as moot without prejudice, and directing Plaintiff to file the Fifth Amended Complaint.[2]

---

[1] Judge Varholak reasoned that because Plaintiff's excessive force claim against Agent Trimmer (the officer who shot Plaintiff) was legally insufficient, the failure-to-prevent an excessive use of force claim against Sergeant Maines was also legally insufficient. (ECF No. 108 at 8.)

[2] In its Order, the Court listed exactly which claims Plaintiff was granted leave to include

4

(ECF No. 138.)  Plaintiff initially filed his Fifth Amended Complaint on January 10, 2022 (ECF No. 143), however, the Court struck the Fifth Amended Complaint for failure to adhere to the Court's guidance not to "incorporate by reference claims or factual allegations from prior versions of the complaint."  (ECF No. 145.)

On January 28, 2022, Plaintiff re-filed the Fifth Amended Complaint without incorporating claims or factual allegations from prior versions.  (ECF No. 149.)  On February 7, 2022, Defendants moved to dismiss the Fifth Amended Complaint, relying on *Heck* and qualified immunity.  (ECF No. 153.)  Plaintiff filed a response to the motion (ECF No. 161), and Defendants filed a reply (ECF No. 162).  On July 12, 2022, Judge Varholak issued the Recommendation now before the Court.  (ECF No. 171.)  Judge Varholak's thorough analysis determined that: (i) Plaintiff's excessive force and municipal liability claims are barred by *Heck* unless his state criminal conviction is overturned; and (ii) Trimmer and Maines are entitled to qualified immunity.  (*Id.* at 21, 33–34.)  Therefore, Judge Varholak recommended dismissing the Fifth Amended Complaint without prejudice.  (*Id.* at 35.)

Notable for our purposes here is the fact that in the more than two months since the Recommendation, Plaintiff has failed to properly file a timely objection.  On July 25, 2022, Plaintiff filed a motion for an extension of time to file an objection to the Recommendation.  (ECF No. 172.)  On July 29, 2022, the Court granted Plaintiff an extension to file his objection no later than August 22, 2022.  (ECF No. 173.)  On August 18, 2022, Plaintiff again moved for an extension.  (ECF No. 175.)  On August 22, 2022 the Court granted Plaintiff another extension, permitting him to file his

---

in the Fifth Amended Complaint.  (*See* ECF No. 138.)

5

objection by no later than August 29, 2022.  (ECF No. 176.)  The Court's August 22, 2022, Order provided in underlined, capital letters that "<u>NO FURTHER EXTENSION OF THIS FILING DEADLINE WILL BE GRANTED</u>."  (*Id.*)  Plaintiff filed his Objection to Recommendation of United States Magistrate Judge ("Objection") (ECF No. 179) on August 29, 2022; however, Plaintiff's filing was twice the length permitted by the undersigned's Revised Practice Standards.  The Court struck Plaintiff's overlong filing and *yet again* granted Plaintiff "leave to file an Amended Objection . . . on or before **September 12, 2022**."  (ECF No. 180.)  Plaintiff has since filed two more motions for extension (ECF Nos. 182, 183) but no Amended Objection.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

## III.  ANALYSIS

As a *pro se* litigant, Plaintiff is at a distinct disadvantage compared to represented parties.  This is true with respect to substantive legal issues and more

mundane aspects of litigation, such as determining the correct filing deadlines and page limits.  In recognition of this disadvantage, the undersigned and Judge Varholak have granted Plaintiff numerous extensions to submit various filings.  (*See* ECF Nos. 28, 46, 78, 160, 173, 176.)  Similarly, Plaintiff has been given ample opportunities to properly file his complaint.  While the sheer number of amended complaints is slightly inflated by the dismissal and later reinstatement of Plaintiff's claims against McCasky and the City of Lakewood, Plaintiff has had his fair share of "bites at the apple."  Further, with respect to the Recommendation, the Court gave Plaintiff approximately six weeks to object and an additional 12 days to file an Amended Objection after striking his initial objection for exceeding the page limits.  (ECF No. 180.)

Plaintiff explains that his Objection was long because he applied Judge Varholak's Civil Practice Standards, under which his filing would have been permissible. (ECF No. 182 at 1.)  But this is not Plaintiff's first objection to a recommendation from Judge Varholak,[3] and—in any event—the Court granted Plaintiff leave to correct his error and refile.  (ECF No. 180.)  Given that there is no *proper* objection to the Recommendation, the Court considers the Recommendation as if there is no objection at all.

The Court concludes that the Judge Varholak's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[3] Plaintiff's adherence to the undersigned's page limit in prior objections has been inconsistent; but neither of his prior objections were as long as the Objection, which is nearly twice the 10-page limit. (ECF Nos. 63, 106.)

7

recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Therefore, the Recommendation is adopted with one modification, explained below.

### A.     Excessive Force Claims Are Dismissed with Prejudice

In recommending dismissal of Plaintiff's excessive force and municipal liability claims based on *Heck*, Judge Varholak noted that *Heck* would no longer bar Plaintiff's claims if his state conviction is overturned. (ECF No. 171 at 21.) As such, Judge Varholak recommended dismissing those claims without prejudice so that Plaintiff could refile in the unlikely event that his state conviction is overturned. (*Id.*) Judge Varholak also recommended that the excessive force claims be dismissed without prejudice on the alternative ground of qualified immunity. (*Id.* at 34.)

Here, the Court's view diverges somewhat from the Recommendation. The Recommendation thoroughly analyzes whether Trimmer and Maines are entitled to qualified immunity based on the "clearly established" prong and concludes that they are. (*Id.* at 21–34.) Critically, the Recommendation's analysis does not rest on the fact of Plaintiff's state conviction. (*See id.*) Therefore, even if Plaintiff's state conviction were overturned and he refiled this lawsuit, his excessive force claims would still be dismissed. Because any such future refiling would be futile, the Court dismisses the excessive force claims *with prejudice*. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

Because the Recommendation reasons that Trimmer and Maines are entitled to qualified immunity based on the "clearly established" prong, it does not necessarily

follow that Plaintiff's claim against the City of Lakewood is also futile. *Hinton v. City of Elwood*, 997 F.2d 774, 782–83 (10th Cir. 1993) ("When a finding of qualified immunity is predicated on the basis that the law is not clearly established, it is indeed correct that there is nothing anomalous about allowing a suit against a municipality to proceed when immunity shields the individual defendants, for the availability of qualified immunity does not depend on whether a constitutional violation has occurred.") (alterations and internal quotations omitted). The Recommendation does not address McCasky's entitlement to qualified immunity, and the Motion does not assert it on his behalf. (*See* ECF Nos. 153, 171. Therefore, the Court cannot find at this time that a refiled supervisory liability claim against McCasky would be futile.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 171) is ADOPTED as modified;
2. The Motion to Dismiss Fifth Amended Complaint (ECF No. 153) is GRANTED;
3. Plaintiff's excessive force claims are DISMISSED WITH PREJUDICE;
4. Plaintiff's municipal liability and supervisory liability claims are DISMISSED WITHOUT PREJUDICE;
5. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE;
6. Plaintiff's Motion to Expand Time to File Amended Objection to Recommendation of the Magistrate Judge (ECF No. 182) and Motion to Expand Time to File Objection Per Order (ECF No. 183) are DENIED AS MOOT;
7. The Clerk shall enter judgment consistent with this Order;
8. The Clerk shall terminate this case; and

9. All parties will bear their own costs.

Dated this 21st day of September, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge