IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1930-WJM-STV

ERIC ST. GEORGE,

    Plaintiff,

v.

CITY OF LAKEWOOD, COLORADO,
DEVON TRIMMER, a/k/a Devon Myers,
JASON MAINES,
JEFF LARSON, and
DAN MCCASKY,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE FINAL JUDGMENT

Before the Court is *pro se* Plaintiff Eric St. George's Motion to Vacate Final Judgment ("Motion"). (ECF No. 189.) No response was filed.

For the following reasons, the Motion is denied.

### I. BACKGROUND

On July 12, 2022, United States Magistrate Judge Scott T. Varholak issued a report and recommendation ("Recommendation") to dismiss Plaintiff's Fifth Amended Complaint. (ECF No. 171.) Plaintiff filed a motion for an extension of time to file objections to the Recommendation. (ECF No. 172.) The Court granted that motion and extended the deadline to August 22, 2022. (ECF No. 173.) Plaintiff filed another motion for extension, which the Court granted, resetting the deadline as August 29, 2022. (ECF Nos. 175 & 176.) The Court also cautioned Plaintiff that it would grant no further

extensions of this deadline.  (ECF No. 176.)

Plaintiff timely filed an objection on August 29, 2022; however, on August 31, 2022, the Court struck Plaintiff's objection because it was double the 10-page limit for objections provided by WJM Revised Practice Standard III.C.1.  (ECF Nos. 179 & 180.)  The Court gave Plaintiff until September 12, 2022, to file an amended objection in compliance with its Revised Practice Standards.  (ECF No. 180.)  Plaintiff filed a motion for extension on September 12, 2022, and a duplicate motion on September 14, 2022.  (ECF Nos. 182 & 183.)  Despite the lack of a timely, compliant objection, the Court waited nine days before addressing the Recommendation.  In an Order dated September 21, 2022, the Court adopted the Recommendation as modified and denied Plaintiff's September 12 and 14, 2022 motions for extension as moot.  (ECF No. 184.)  On the same day, the Court issued its final judgment.  (ECF No. 185.)  Also on the same day, the Court received Plaintiff's amended objection, which it struck because the action had been closed.  (ECF Nos. 186 & 187.)

On October 3, 2022, Plaintiff filed the Motion.

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]"  Fed. R. Civ. P. 60(b).  The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment).  *See* Fed. R. Civ. P. 60(b)(1)–(5).  Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."

While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is

2

"extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999). Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

### III. ANALYSIS

In the Motion, Plaintiff sets out the timeline of the recommendation, his motions for extension, his stricken objection, the Court's order and judgment, and his untimely amended objection. (ECF No. 189. at 1–2.) He explains that he believed the page limit was 20 pages and notes that on other occasions he has submitted filings greater than 10 pages. (*Id.* at 3.) He also asserts that "[a]n outside observer could opine that the objective of the court is to render a highly questionable ruling not based in fact or in law and to further deliberately and wantonly manufacture an unreasonable set of circumstances to limit the Plaintiff's Appeal on procedural grounds." (*Id.*) These reasons do not fit into any of the specific grounds for relief from judgment listed in Rule 60(b)(1)–(5). Therefore, the only basis to grant the Motion is the residual provision of Rule 60(b)(6).

"[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Such extraordinary circumstances are not present here. The Court cannot and does not act as an advocate for a *pro se* party, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998), and Plaintiff's *pro se* status does not exempt him from complying with the procedural rules that govern all

3

civil actions filed in this District, namely, the Federal Rules of Civil Procedure, the Local Rules of Practice for the District of Colorado, and the undersigned's Revised Practice Standards, see Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The 10-page limit Plaintiff failed to comply with has been in effect throughout this litigation and was in effect when Plaintiff filed his noncompliant objection to the Recommendation.  See WJM Revised Practice Standard III.C.1.  And, as the Court has previously noted, Plaintiff has at times complied with the page limit.  (ECF No. 184 at 7 n.3.)  There is nothing extraordinary or even unusual about a court striking noncompliant filings, nor do Plaintiff's speculative and self-aggrandizing musings about the Court's "objective[s]" mean failing to grant the Motion would "offend justice."  Yapp, 186 F.3d at 1231–32.

Therefore, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Vacate Final Judgment (ECF No. 189) is DENIED.

Dated this 6th day of September, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

4